**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00263-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

**MEMORANDUM OPINION**

Relator Scott Mitchell Obeginski filed an Emergency Petition for Writ of Mandamus and Emergency Motion for Temporary Relief against the Montgomery County District Clerk regarding post-judgment execution proceedings in Trial Court Cause Number 24-11-18234.[1] Obeginski asks this Court to stay a constable's sale that is currently scheduled to occur on July 7, 2026. We dismiss the petition for lack of jurisdiction.

---

[1]Obeginski perfected an appeal from the final judgment in Trial Cause Number 24-11-18234. The appeal, docketed as Appeal Number 09-25-00487-CV, *Scott Mitchell Obeginski v. Codolis & Moody, P.C., et al.*, is pending in this Court.

1

Relator argues that the Clerk exceeded her ministerial authority by issuing an abstract of judgment that identified the judgment creditor and the judgment debtor as their names appear in the trial court's judgment and not as they appear in the judgment creditor's request for an abstract of judgment. He further contends the abstract of judgment is materially defective in that it states the date of judgment is October 15 when the trial court signed an amended judgment on October 17, 2025. He complains that by linking the writ return to the wrong writ of possession in Montgomery County's electronic filing system the District Clerk violated her duty to maintain an accurate post-judgment collection record. He argues the appellate court may issue a writ of mandamus against the District Clerk because mistakes in the execution-related records "impair appellate review and execution control."

An appellate court may issue a writ of mandamus to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(a). On the record before us, Relator has failed to demonstrate that the exercise of our mandamus jurisdiction is necessary to enforce this Court's jurisdiction. *See id*. Accordingly, we dismiss the petition for a writ of mandamus and request for temporary relief.

PETITION DISMISSED.

PER CURIAM

Submitted on July 2, 2026
Opinion Delivered July 6, 2026

Before Golemon, C.J., Wright and Chambers, JJ.

2